CALLAHAN FUSCO, LLC
40 Exchange Place, 18th Floor
New York, NY 10005
Christopher S. Del Bove, Esq.
CDelBove@callahanfusco.com
877-618-9770

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN PAIGE, <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, FEDERAL EXPRESS CORPORATION, KEVIN MAJOR, GREGG ALBAUM, JONATHAN SANTOS, EDWARD REYES, JUAN VALERIO, MARCO DELOSSANTOS, AND JOHN OR JANE DOE 1-15, <br><br> Defendants. | Civil Action No.: 1:21-cv-11104 <br><br> **NOTICE AND PETITION OF REMOVAL** |

TO:  United States District Court
      Southern District of New York
      500 Pearl Street
      New York, NY 10007

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant FEDERAL EXPRESS CORPORATION[1], (hereinafter "Defendant"), hereby removes Index No. 816220/2021E from the Supreme Court of New York, Bronx County, to the United States District Court for the Southern

---

[1] Defendant FEDERAL EXPRESS CORPORATION is an improper party to the instant litigation and should Plaintiff refuse to amend his Complaint, Defendant intends to file a Motion to Dismiss. Rather, FEDEX GROUND PACKAGE SYSTEM, INC. is the correct legal entity in this matter based upon the allegations in the Complaint.

1

District of New York on the ground that jurisdiction exists under 28 U.S.C. §1331. In support of removal, Defendant states as follows:

1) On November 24, 2021 Plaintiff RYAN PAIGE ("Plaintiff") filed his Verified Complaint in the State Court Action.

2) A true and correct copy of all process, pleadings, and orders… in the State Court Action are attached hereto as **Exhibit "A"**, specifically the Summons and Verified Complaint.

3) Defendant was served with the Summons and Verified Complaint on December 6, 2021. A true and correct copy of the Affidavits of Service are attached hereto as **Exhibit "B"**.

4) This Notice of Removal is timely filed because it is filed within thirty days of service of the Verified Complaint. See U.S.C. §1446(b)(2); Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint ….").

5) This Court has original jurisdiction over this action under 28 U.S.C. § 1331.

6) In Plaintiff's Sixth Cause of Action in this lawsuit, Plaintiff asserts violations of his First Amendment rights under the United States Constitution for allegedly causing a verbal and physical altercation that resulted in the arrest of Plaintiff and asserts a claim under 42 U.S.C. § 1983. Plaintiff alleges that the Individual Defendants[2] engaged in "the wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff…without probable cause or reasonable suspicion." (Compl. ¶¶ 128-132).

7) Similarly, in the Tenth Cause of Action, Plaintiff asserts a claim for violations of Plaintiff's Fourth and Fourteenth Amendment rights whereby Defendants "acted with malice" resulting in criminal charges against Plaintiff. (Compl. ¶¶ 151-137).

---

[2] Plaintiff never specifically defined the term "Individual Defendants", and Defendant is left to speculate as to which defendants are or are not included in said term.

8) Plaintiff further asserts a Twelfth Cause of Action asserting additional claims in violation of Plaintiff's Fourth and Fourteenth Amendment rights. Plaintiff alleges that the Individual Defendants "deprived Plaintiff of his constitutional rights to [sic] free from illegal searches and seizures and not to be deprived of his liberty without due process of law…" and further alleges that the Individual Defendants "caused a criminal prosecution to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act." (Compl. ¶¶ 165-171).

9) Plaintiff asserts a Fourteenth Cause of Action asserting a claim in violation of Plaintiff's Fifth, Sixth, or Fourteenth Amendment rights due to Defendants alleged act of "forwarded false information to prosecutors" resulting in "post arraignment restrictions and deprivation upon Plaintiff's liberty and freedom of movement." Further, Plaintiff alleges that "defendants violated Plaintiff's right to a Fair Trial and Due Process of Law" and fabrication of false evidence to influence a jury's decision." (Compl. ¶¶ 179-184).

10) Plaintiff asserts a Seventeenth Cause of Action, "Deprivation of Rights [and] Denial of Equal Protection of the Laws" in violation of 42 U.S.C. §§ 1981 & 1983. Plaintiff alleges that Defendants "engaged in selective treatment of Plaintiff…based on impermissible considerations…" and that Defendants were "motivated by a discriminatory animus." Plaintiff further alleges that Defendant is the "employer" of individual Defendants and "responsible for their wrongdoings." (Compl. ¶¶ 201-211).[3]

11) Plaintiff asserts an Eighteenth Cause of Action asserting violations of Plaintiff's First, Fourth, Fifth, Sixth, or Fourteenth Amendment Rights for "overt acts" in furtherance of a

---

[3] Although Defendants have no duty to admit or deny Plaintiff's allegations in the instant removal, this allegation is specifically denied and will be the subject of a forthcoming Motion to Dismiss. Neither FEDERAL EXPRESS CORPORATION nor FEDEX GROUND PACKAGE SYSTEM, INC. employed any of the above-captioned individuals.

conspiracy against Plaintiff to deprive Plaintiff of his rights to engage in protected speech, to be free from unreasonable searches and seizures, to be afforded a fair trial, and to not be deprived of life, liberty, or property without due process of law. (Compl. ¶¶ 212-219).

12) Plaintiff asserts a Twentieth Cause of Action asserting violations of Plaintiff's First, Fourth, Fifth, Sixth, or Fourteenth Amendment rights against those Defendants that "were present but did not actively participate…[in] unlawful conduct observed" and "had an opportunity to prevent such conduct, had a duty to intervene, prevent such conduct, failed to intervene." (Compl. ¶¶ 224-227).

13) Lastly, Plaintiff asserts a Twenty-First Cause of Action in violation of Plaintiff's Fifth, Sixth or Fourteenth Amendments alleging Defendant's "deliberate fabrication of evidence… to support a false arrest." (Compl. ¶¶ 228-234).

14) Defendant notices the removal of this action on the grounds that this is a civil action arising under the laws and Constitution of the United States. *See* 28 U.S.C. § 1331.

15) The State Court Action is currently pending in the Supreme Court of Bronx County, New York, which is located within the United States District Court for the Southern District of New York.

16) Venue is proper in this Court because it is the "district and division embracing the place where such [State Court] [A]ction is pending. *See* 28 U.S.C. §1441(a).

17) A copy of this Notice of Removal is being served upon Plaintiff and filed concurrently with the Supreme Court of the State of New York, Bronx County, as required by 28 U.S.C. § 1446(d). See a copy of said written Notice of Removal annexed hereto as **Exhibit "C"**. Moreover, a list of all counsel of record, including their contact information, and the parties represented by counsel are identified within the written Notice of Removal. See **Exhibit "C"**.

18) By filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor does it waive any other defenses available to it under applicable federal, state or local laws and/or the Federal Rules of Civil Procedure.

**WHEREFORE**, for the reasons set forth above, Defendant FEDERAL EXPRESS CORPORATION hereby gives notice that the State Court Action in the Supreme Court of New York, Bronx County, is removed to the United States District Court for the Southern District of New York and the action will proceed in federal court as properly removed thereto.

Dated: New York, New York
      December 28, 2021

      Respectfully submitted,

By: */s/ Christopher S. Del Bove*
    CHRISTOPHER S. DEL BOVE, ESQ.

    Attorneys for Defendant
    FEDERAL EXPRESS CORPORATION

TO:    Samuel C. DePaola, Esq.
        SIM & DEPAOLA, LLP
        Attorney for Plaintiff
        42-40 Bell Blvd, Suite 201
        Bayside, New York 11361

## CERTIFICATION OF SERVICE

I, Christopher S. Del Bove, of full age, being duly sworn, according to law and upon my oath, depose and say:

1. I am an attorney with the law firm of Callahan & Fusco, LLC, and am assigned the handling of this action.

2. On December 28, 2021, I electronically filed a copy of the within NOTICE OF REMOVAL, which was served via ECF and regular mail on:

   Samuel C. DePaola, Esq.
   SIM & DEPAOLA, LLP
   Attorney for Plaintiff
   42-40 Bell Blvd, Suite 201
   Bayside, New York 11361

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: December 28, 2021

BY: _____
    CHRISTOPHER S. DEL BOVE