UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------
RYAN PAIGE,

                Plaintiff,

    - against -

CITY OF NEW YORK, ET AL.,

                Defendants.
---------------------------------------

21-cv-11104 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL**, District Judge:

    On November 24, 2021, the plaintiff, Ryan Paige, brought this action in the New York State Supreme Court, Bronx County, against Kevin Major, Gregg Albaum, Jonathan Santos, Edward Reyes (collectively, the "Officers"), the City of New York ("City"), Federal Express Corporation ("FedEx"), Juan Valerio, and Marco Delossantos, alleging violations of his civil and constitutional rights as enumerated by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983, violations of 42 U.S.C. §§ 1981, 1985, 1986, and 1988, and violations of New York state law. See ECF No. 1 ("Not. of Removal"), Ex. A ("Compl."), at 4. The plaintiff served the summons and complaint on the City on November 29, 2021, on FedEx on December 6, 2021, and on the Officers and Valerio on December 8, 2021. Not. of Removal, Ex. B. On December 8, 2021, the plaintiff served Delossantos by delivering a copy of the summons and complaint to Valerio at the FedEx Ground

facility located at 635 Zerega Avenue, Bronx, NY 10473 ("FedEx Ground Facility"). Id. The Affidavit of Service attested that Valerio mailed a copy to Delossantos. Id.

On December 28, 2021, FedEx removed the case to this Court pursuant to federal question jurisdiction. See Not. of Removal; 28 U.S.C. § 1331. On January 3, 2022, Valerio consented to removal. ECF No. 6. On January 7, 2022, the City and the Officers also consented to removal. ECF No. 9. Delossantos did not consent to removal.

The plaintiff now moves to remand this case to state court on the ground that the defendants did not unanimously consent to removal. See 28 U.S.C. § 1446(b)(2)(A)-(B). For the reasons explained below, the plaintiff's motion to remand is **denied**.

I.

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).[1] An action may be removed to federal court if the plaintiff's well-pleaded complaint presents a cause of action that arises "under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1441(a); id. § 1331. In this case, the complaint

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

2

includes claims arising under federal law and the United States Constitution, including 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. See Compl.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Further, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." Id. § 1446(b)(2)(B). Even before these specific provisions were incorporated in the statute in 2011, courts in this district "consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period [for removal], a requirement known as the rule of unanimity." Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012) (per curiam).

In cases involving multiple defendants who are not served simultaneously, the Second Circuit Court of Appeals has adopted the last-served defendant rule. Id. at 65. Under the last-served defendant rule, "the thirty-day period during which the defendants are permitted to file a notice of removal begins to run when the last defendant is served." Fernandez v. Hale Trailer Brake & Wheel, 332 F. Supp. 2d 621, 623 (S.D.N.Y. 2004).

Several exceptions to the rule of unanimity exist, including "where: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999).

## II.

The plaintiff argues that removal was improper because FedEx lacked the unanimous consent of the other defendants to remove the case to federal court. There is no dispute that FedEx consented to removal. FedEx was served with the summons and complaint on December 6, 2021 and removed the case 22 days later, on December 28, 2021. Not. of Removal. Instead, the plaintiff argues that the City, the Officers, Valerio, and Delossantos did not timely consent to removal.

The plaintiff asserts that each defendant was required to file its consent by January 5, 2021, thirty days from the date that the thirty days began to run for FedEx. However, pursuant to the last-served defendant rule, "the thirty-day period during which the defendants are permitted to file a notice of removal begins to run when the last defendant is served." Fernandez, 332 F. Supp. 2d at 623. Because the Officers and Valerio were the

4

last to be served on December 8, 2021, the defendants were permitted to file a notice of removal or to otherwise consent to removal by January 7, 2021. Not. of Removal, Ex. B. Valerio consented to removal on January 3, 2021, and the City and the Officers consented to removal on January 7, 2021. Therefore, all properly served parties timely consented to removal.

The plaintiff argues that remand is appropriate because FedEx never obtained Delossantos's consent to removal. However, FedEx asserts that Delossantos has not been served properly because Delossantos is not a real individual or because the plaintiff has misnamed the proper defendant. FedEx suggests that an individual named "Marco De La Rosa" may be the proper individual that the plaintiff intended to name. De La Rosa was employed by a company owned by Valerio, but FedEx alleges that De La Rosa has not worked for Valerio's company or been present at the FedEx Ground Facility after April 2021.

The plaintiff has not responded to the defendant's claim that Delossantos cannot be a party to this action because Delossantos does not exist or has been misnamed. The plaintiff's failure to respond is sufficient to forfeit the plaintiff's argument. See Brandon v. City of New York, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (holding that the plaintiff abandoned his claim because his opposition did not address the defendants' arguments); see also Johnson v. City of New York, No. 15-cv-

5

8195, 2017 WL 2312924, at *17 (S.D.N.Y. May 26, 2017) (collecting cases).

In any event, the rule of unanimity does not apply here because Delossantos was not served properly. See Ell, 34 F. Supp. 2d at 194 (recognizing an exception where "the non-joining defendants have not been served with service of process at the time the removal petition is filed"); Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc., 12-cv-5557, 2013 WL 1234958, at *8 (S.D.N.Y. Mar. 26, 2013) ("[T]he rule of unanimity does not require consent of defendants who have not been served with process."). Because the plaintiff served process on the defendants prior to removal, the propriety of service must be determined by reference to state law. PH Int'l Trading Corp. v. Nordstrom, Inc., 07-cv-10680, 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009); see also Leadsinger, Inc. v. Cole, 05-cv-5606, 2006 WL 2266312, at *10 (S.D.N.Y. Aug. 4, 2006) ("[S]tate law applies to issues pertaining to the service of process prior to removal."). Pursuant to N.Y. C.P.L.R. § 308(2), service upon another "is proper if three conditions are met: (1) service was delivered to a person of suitable age and discretion at the defendant[']s home or business; (2) the summons was mailed to the defendant's home or place of business; and (3) the first two conditions were performed within 20 days of one another." Williams v. Mid-Hudson Forensic Psychiatric Ctr., 16-cv-2188,

2018 WL 1581684, at *4 (S.D.N.Y. Mar. 27, 2018). A defendant's "actual place of business . . . include[s] any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." N.Y. C.P.L.R. § 308(6). "As New York state courts have specified, this definition requires that the place be one where the person is physically present with some degree of regularity and where they regularly transact business." Harraz v. EgyptAir Airlines Co., 18-cv-12364, 2019 WL 6700946, at *4 (S.D.N.Y. Dec. 9, 2019). Because Delossantos is not a person known to FedEx, the FedEx Ground Facility could not have been a place where Delossantos was "physically present with some degree of regularity" or where he "regularly transact[ed] business." See id. Moreover, if the plaintiff intended instead to name De La Rosa, the FedEx Ground Facility could not have been De La Rosa's actual place of business because he had not been on the premises after April 2021. See Jackson v. Cnty. of Nassau, 339 F. Supp. 2d 473, 478 (E.D.N.Y. 2004) ("[The] actual place of business is defendant's business address at the time of service, and not when the cause of action arose."); Barnes v. City of New York, 13-cv-7283, 2015 WL 4076007, at *21 (S.D.N.Y. July 2, 2015) ("Therefore service on [the defendant] at . . . his former place of business[] does not satisfy the statutory requirements of C.P.L.R. § 308."). Therefore, the plaintiff's motion to remand is **denied**.

7

### III.

The plaintiff's request for costs and attorney's fees associated with this motion is also **denied** because the motion did not result in an "order remanding the case." See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

### Conclusion

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to remand is **denied**. The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated:    New York, New York
          April 27, 2023

_____
John G. Koeltl
United States District Judge