UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

RYAN PAIGE,                                              **FIRST AMENDED COMPLAINT**

                  Plaintiff,          Jury Trial Demanded

       -against-                                   Docket No. 21-cv-11104 (JGK)

CITY OF NEW YORK, FEDEX GROUND
PACKAGE SYSTEM, INC., KEVIN MAJOR,
GREG ALBAUM, JONATHAN SANTOS,
EDWARD REYES, JUAN VALERIO, MARCO
DELOSSANTOS, and JOHN or JANE DOE 1-15,

                Defendants.
--------------------------------------------------------------X

      Plaintiff, **Mr. RYAN PAIGE**, by and through the undersigned attorneys, **SIM &**

**DEPAOLA, LLP**, for his amended complaint against the Defendants, **CITY OF NEW YORK**,

**FEDEX GROUND PACKAGE SYSTEM, INC.**, **KEVIN MAJOR**, **GREGG ALBAUM**,

**JONATHAN SANTOS**, **EDWARD REYES**, **JUAN VALERIO**, **MARCO DELOSSANTOS**

and **JOHN** or **JANE DOE 1-15**, alleges and states as follows:

**PRELIMINARY STATEMENT**

1.     This is a civil rights action, in which Plaintiff seeks relief *vis-à-vis* 42 U.S.C. §§ 1981,

1983, 1985, 1986 and 1988, the laws of the City and State of New York, in addition to the self-

executing clauses or implied private causes of action within the constitution of State of New York,

for the violations of his civil rights, as enumerated by the First, Fourth, Fifth, Sixth and Fourteenth

Amendments to the Constitution of the United States, the New York State Constitution, in addition

to the Laws of the City and State of New York.

2.     The following claims arose on September 6, 2020, when defendants, acting under color of

state law, caused Plaintiff to be unlawfully stopped, questioned, searched, arrested and detained in

the vicinity of 635 Zerega Avenue, The Bronx, New York. As a result, Plaintiff was deprived of his liberty and suffered various physical, emotional and psychological injuries. Plaintiff was wrongfully detained over the course of two (2) days. Plaintiff was maliciously prosecuted and denied Due Process and Equal Protection of the law, until all criminal charges were unconditionally dismissed and sealed, pursuant to sections 160.50 and 160.60 of the Criminal Procedure Law, constituting a termination of the criminal proceedings in favor of Plaintiff.

3.      Plaintiff seeks monetary damages (compensatory and punitive) against defendants, an award of costs and reasonable attorney's fees, with all interest then accrued, together with such other or further relief, as this venerable Court may deem just and proper.

## JURISDICTION

4.      This action arises under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1981, 1983, 1985, and 1988, as well as the laws and constitution of the State of New York.

5.      This Court has subject matter jurisdiction over this action and each of the individual claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1367(a), in addition to the doctrine of supplemental jurisdiction.

## VENUE

6.      Venue is properly laid within the Southern District of New York, as the defendant, City of New York, is located therein and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. §§ 1391(b) and 1391(c).

## PARTIES

7.      At all relevant times herein, Plaintiff, Mr. Ryan Paige, ("Mr. Paige"), is an adult Black or African American male, who presently resides in Bronx, New York.

8.     Defendant, City of New York ("CITY"), is a municipal corporation duly organized and existing, under the laws of the State of New York.

9.     At all relevant times herein, the New York City Police Department ("NYPD") was a wholly owned subsidiary which was further wholly operated, managed, maintained and controlled by Defendant CITY.

10.     At all relevant times herein, Defendant CITY, acting through its New York City Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, screening, hiring, training, supervision, discipline, retention and conduct of all NYPD personnel, including police officers, detectives, investigators, sergeants, lieutenants and other supervisory officers or officials, as well as the individually named NYPD Defendants herein.

11.     At all relevant times herein, Defendant CITY was responsible for enforcing the rules and regulations of the NYPD and for ensuring that the NYPD personnel obey the laws and constitutions and laws of the United States, State of New York and City of New York.

12.     At all relevant times herein, Defendants, KEVIN MAJOR ("MAJOR"), GREGG ALBAUM ("ALBAUM"), JONATHAN SANTOS ("SANTOS"), EDWARD REYES ("REYES"), were police officers, detectives, sergeants or other supervisory officers employed by the NYPD and, as such, were acting in the capacities of  agents, servants or employees of Defendant CITY. At all times here relevant, Defendants, MAJOR, ALBAUM, SANTOS and REYES were assigned to the 45th Precinct of the NYPD. Defendants MAJOR, ALBAUM, SANTOS and REYES are being sued in their official and individual capacities.

13.     At all times relevant herein, Defendant, FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx"), was, and still is, a foreign business corporation duly organized and existing under the laws of the State of Delaware with substantial contacts within the City and State of New York.

14.     At all relevant times herein, Defendants, JUAN VALERIO ("VALERIO") and MARCO DELOSSANTOS ("DELOSSANTOS"), were drivers, delivery personnel, package handlers, associates, employees, managers, supervisors or other personnel employed and/or subcontracted by FedEx and, as such, were acting in the capacities of agents, servants or employees of Defendant FedEx. At all times here relevant, the FedEx Ground Store, located at 635 Zerega Ave, Bronx, NY 10473, was, and still is, the actual place of business of Defendants, VALERIO and DELOSSANTOS. Defendants VALERIO and DELOSSANTOS are being sued in their official and individual capacities.

15.     At all relevant times herein, Defendants, JOHN or JANE DOE 1-15, were police officers, detectives, sergeants, supervisors, agents, associates, drivers, managers, delivery persons, independent contractors, policymakers or officials employed by the NYPD, CITY or FedEx. At this time, Plaintiff does not know the true tames, identities or tax registry numbers of Defendants JOHN or JANE DOE 1-15, as such knowledge is within the exclusive possession of Defendants. The names, JOHN or JANE DOE 1-15, are fictitious and are intended as placeholders for the employees, agents or other personnel, who caused to Plaintiff to be falsely arrested, assault, battered, maliciously prosecuted, or who subjected Plaintiff to excessive force or who aided, abetted, assisted or acted in concert with any other defendants to do the same.

16.     At all relevant times herein, Defendants CITY, FedEx, MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, were acting under color

of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City or State of New York.

17.     At all times here mentioned, defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

18.     Plaintiff has timely served the City of New York, Office of the Comptroller, with notice of his claims within 90 days of the date(s) from which they arose.

19.     Over 30 days have elapsed since the filing of the Notice of Claim and this matter has not been adjudicated or settled.

20.     Plaintiff has complied with the municipal defendant's request for an oral examination, pursuant to section 50-H of the New York General Municipal Law.

21.     This action is being filed within 1 year and 90 days from the relevant dates of accrual.

## FACTUAL CHARGES

22.     On September 6, 2020, at approximately 9:45 a.m., Plaintiff was in obeyance of all local, state and federal rules, regulations, statutes and laws, while waiting to purchase items from inside the store at 1400 Castle Hill Avenue, The Bronx, New York (hereinafter referred as "the Bodega").

23.     At said date and time, Defendant VALERIO, DELOSSANTOS or JOHN or JANE DOE 1-10, an employee of FedEx, proceeded to cut the line in front of Plaintiff.

24.     Plaintiff and Defendant VALERIO, DELOSSANTOS or JOHN or JANE DOE 1-10 engaged in a brief verbal dispute regarding the discourteous and rude behavior of the FedEx employee in cutting the line of the busy bodega, where people were waiting patiently.

25.     Defendant VALERIO, DELOSSANTOS or JOHN DOE 1-10 then exited the bodega.

26.     Shortly thereafter, Defendant VALERIO, DELOSSANTOS or JOHN DOE 1-10 reentered the bodega with approximately eleven (11) additional FedEx employee defendants, including VALERIO, DELOSSANTOS and JOHN DOE 1-10, who immediately began to brutally punch, kick, strike and choke Plaintiff.

27.     Said assaults caused Plaintiff to sustain physical injuries, including, but not limited to, a concussion, lacerations and bruises all about his body, arms, face and head.

*28.*     The violent attack perpetrated by defendants, including VALERIO, DELOSSANTOS and JOHN DOE 1-10, illegal acts constituted the felony of Gang Assault in the Second-Degree. PL §120.06.

29.     Plaintiff immediately drove to a nearby FedEx Ground store, located at 635 Zerega Avenue, The Bronx, New York, to report the egregiously violent and belligerent conduct of defendants, including VALERIO, DELOSSANTOS and JOHN DOE 1-10, to FedEx supervisors or managerial personnel at said location.

30.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES and JOHN or JANE DOE 11-15, then arrived at said location.

31.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES and JOHN or JANE DOE 11-15, placed Plaintiff under arrest without legal justification or probable cause by grabbing Plaintiff about his body and extremities before violently contorting his arms behind his back and affixing metal handcuffs to his wrists in an excessively tight fashion.

32.     Plaintiff was illegally targeted for violent retaliation by defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, because of his race, color, ethnicity or national origin, as said defendants falsely accused, assaulted

and battered Plaintiff because of their biased, prejudiced and otherwise impermissible feelings towards young Black or African American males, such as Plaintiff.

33.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES and JOHN or JANE DOE 11-15, did not have a valid arrest warrant, search warrant or any legal authority to do so.

34.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES and JOHN or JANE DOE 11-15, did not observe Plaintiff commit any crimes or violations of the law and did not possess any credible or reliable information or evidence indicative of such.

35.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES and JOHN or JANE DOE 11-15, illegally seized and searched Plaintiff's person and personal property despite the fact that they had no indication, reasonable suspicion or probable cause that Plaintiff had committed a crime.

36.     Defendants, including, MAJOR, ALBAUM, SANTOS, REYES and JOHN or JANE DOE 11-15, then illegally subjected Plaintiff to custodial interrogation without advising Plaintiff of his rights and in the absence of requested legal counsel.

37.     Plaintiff repeatedly requested that defendants, including MAJOR, ALBAUM, SANTOS, REYES and JOHN or JANE DOE 11-15, loosen his handcuffs, because they were causing him substantial pain and discomfort due to their excessive tightness.

38.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES and JOHN or JANE DOE 11-15, ignored all of Plaintiff's pleas to loosen the handcuffs and defendants sadistically and intentionally squeezed the handcuffs with Plaintiff's wrists within to inflict wanton and unnecessary pain to Plaintiff.

39.     As a result, Plaintiff sustained contusions, swelling, and loss of feeling to his wrists, hands and arms.

40.     Plaintiff was then removed to Lincoln Hospital for emergency medical treatment of his injuries sustained from the aforementioned assaults and batteries to his person committed by defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15.

41.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, caused Plaintiff to be wrongfully arrested by swearing and attesting to observations they each knew to be false or otherwise completely fabricated, failing to further investigate incredulous allegations that lacked any evidentiary support and which defied all rational logic.

42.     As such, Plaintiff  was caused to be wrongfully arrested and maliciously prosecuted for a crime he was clearly innocent of and which no probable cause or reasonable suspicion *ever* existed to believe that said crime was perpetrated by Plaintiff.

43.     As a result of the false and fabricated statements and allegations provided to prosecutors by defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, Plaintiff was falsely charged with Criminal Mischief, a Class "A" Misdemeanor, under Bronx Criminal Court Docket No. CR-012560-20BX.

44.     Defendants, including, MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, signed, ratified or otherwise attested to the criminal court complaint, despite knowing said complaint was untrue and replete with fabricated information or allegations.

45.     Defendants intentionally provided said false information to the District Attorney's Office, so that a criminal prosecution would be initiated against Plaintiff namely that Plaintiff committed Criminal Mischief.

46.     At no point did defendants, including, MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, ever observe Plaintiff commit any crime or offense.

47.     At no point were the defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, ever told by any witnesses that Plaintiff committed any crime or violation of the law.

48.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, did not have probable cause or reasonable suspicion to arrest, detain or stop Plaintiff.

49.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, never possessed probable cause to believe a prosecution would succeed against Plaintiff, or that Plaintiff was guilty of any crime, as they each were not only fully aware that Plaintiff never committed criminal mischief, but that Plaintiff was a victim of a gang assault.

50.     While Plaintiff was unlawfully detained, defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Plaintiff  maliciously prosecuted.

51.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, suppressed evidence and engaged in conduct undertaken in bad faith, namely the fabrications of the false accounts of stating that Plaintiff's committed criminal mischief.

52.     During all of the events described, defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, acted maliciously and with intent to injure Plaintiff.

53.     At all times relevant hereto, defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause.

54.     At all times relevant hereto, defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, engaged in fraud, perjury, the suppression of evidence and other actions conducted in bad faith or failed to intervene when defendants observed others doing so, all in furtherance of Plaintiff's criminal prosecution.

55.     Defendant CITY has engaged in a policy, custom, or pattern and practice of stopping vehicles occupied by members of protected classes, especially African Americans, without probable cause or reasonable suspicion to do so and then using excessive force in the process of unlawfully arresting said individuals.

56.     Defendant CITY has also engaged in a policy, custom, or pattern and practice of concealing their unlawful arrests by fabricating false accounts that African American males were observed committing criminal acts, when no such acts were ever committed.

57.     Plaintiff asserts that defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, falsely arrested, assaulted, and maliciously prosecuted him, due solely to their racial discriminatory prejudices against African Americans and their desire to satisfy an unconstitutional and unlawful arrest quota.

58.     Plaintiff  further asserts that Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, acted in such a sadistic and reprehensible manner, due to their assumption that defendants' version of events would undoubtedly and unduly be credited over Plaintiff's, solely because Plaintiff is a young black male.

59.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, arrested, assaulted, battered and maliciously prosecuted Plaintiff, not because of any probable cause to believe Plaintiff had committed any crimes, violations of the law, but because Plaintiff is a young, African American male.

60.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, discriminated against Plaintiff by arresting, assaulting, battering, and maliciously prosecuted Plaintiff, solely due to defendants' perception or consideration of Plaintiff's race, ethnicity, national origin, immigration status, religion, gender or age.

61.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, perpetrated multiple overt acts in furtherance of their obviously discriminatory inclinations, namely the unlawful stop, searches, assaults, seizure, arrest and malicious prosecution against Plaintiff.

62.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, possessed no valid reason to restrict Plaintiff's movements, which gives rise to the strong inference that the unlawful acts committed by defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, against Plaintiff, were discriminatorily motivated and enacted upon.

63.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, subjected Plaintiff to disparate treatment compared to other individuals similarly situated, because defendants do not  question, arrest or maliciously prosecute other victims of gang assaults who were not members of a protected class, especially victims who are visibly injured and require immediate medical attention.

64.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, would not have arrested Plaintiff and fabricated false accounts of Plaintiff committing criminal mischief, if Plaintiff was not a young African American male.

65.     As a direct and proximate result of the acts of defendants, including the CITY, FedEx, MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, Plaintiff suffered the following injuries and damages: violations of his rights pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States Constitution, violations of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

66.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, signed a criminal complaint against Plaintiff, in which they knowingly affirmed the truth of the fabricated allegations against Plaintiff, namely that Plaintiff committed criminal mischief.

67.     As a result, Plaintiff was falsely charged with a criminal mischief, despite the lack of probable cause or reasonable suspicion to believe that Plaintiff had indeed committed such crime or that he would be successfully prosecuted.

68.     Said criminal proceedings were terminated in favor of Plaintiff on, or about, January 19, 2021, when all chargers were unconditionally dismissed and sealed on the merits, pursuant to sections 160.50 or 160.60 of the Criminal Procedure Law.

69.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, arrested and caused a criminal prosecution to be initiated against Plaintiff, because of their desires to use Plaintiff's arrest and criminal prosecution to incur additional overtime compensation, benefits and career favor from the superior officers, to avoid adverse consequences associated with failing to meet NYPD departmental arrest quotas, and also to conceal their egregious violations of proper police procedures and gross misconduct, including their fabrications of non-existent observations, evidence and information.

70.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, arrested, applied excessive force and initiated a malicious prosecution against Plaintiff in retaliation for Plaintiff's exertion of his constitutional right to freely express his opinion and inquiries, namely Plaintiff's displeasure with the manner in which Defendants addressed him and his request for an explanation as to why Defendants acted so discourteously toward Plaintiff.

71.     As a result of Defendants actions, Plaintiff does not feel secured of his constitutional rights, which has prevented him from venturing from his house for a prolonged period of time and has effectively permanently chilled his desire and ability to communicate with police officers.

72.     Defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, engaged in a conspiracy to arrest and maliciously prosecute Plaintiff by personally conferring with each other, regarding the fabrication

of the aforementioned non-existent evidence and observations, as well the manner and means by which said fabrications would be forwarded to the District Attorney's Office.

73.     Plaintiff asserts that the defendants, including MAJOR, ALBAUM, SANTOS, REYES, VALERIO and JOHN or JANE DOE 11-15, who violated Plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the NYPD and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City and the NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

74.     The individually named defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

75.     *The New York Times*, as well as numerous other reputable journalistic enterprises, have reported on the widespread corruption within the NYPD and City of New York, particularly the incredibly disconcerting proclivity of many NYPD officers to lie about subject matters that are materially relevant to criminal prosecutions, including the complete fabrication of arrest evidence and witnesses. Also detailed, is the NYPD's obstinate refusal to effectuate corrective or preventive measures to combat the inevitable recurrence of such misdeeds, and perhaps most troubling, the

NYPD's alarming tendency to, instead, reward and promote these officers, including those who were inculpated via incontrovertible evidence, such as video evidence.

76.     The constitutionally repugnant behavior that persists within the ranks of the NYPD results from the NYPD's own policies, rules and procedures, namely the NYPD's incredibly flawed and illegal use of arrest quotas. Despite its illegality, such policies remain systemin throughout the NYPD and its individual commands. The NYPD, however, was not content in compelling its officers to effect as many arrests as possible, regardless of the presence of any legal right to do, it promulgated various subsets of quotas, which are predicated on race, color or ethnicity. Additionally, the NYPD, its supervisors or policymakers would assign varying point values to arrests, which were, again, impermissibly based upon the arrestee's race, color or ethnicity. Unsurprisingly, officers would be better rewarded for minority arrests or summonses. This egregious conduct has reported by numerous respected media outlets and publications and has even formed the basis for federal lawsuits against the City and the NYPD, which were commenced by its own employee officers.

77.     On June 17, 2020, the *New York Daily News* published an article, by Graham Rayman, entitled "Brooklyn Cop Claims he was Punished for not Meeting Arrest Quotas, Refusing to Take Responsibility for Controversial Arrest in which he Wasn't Involved," describing allegations from an NYPD Police Officer, Terrence Dickerson, that he was retaliated against by the NYPD for refusing to adhere to mandatory racially based arrest quotas and for his refusal to accept responsibility for a controversial and publicized arrest via the excessive force, despite the fact that he was not even at the scene.

78.     Another article with a title that speaks for itself, also published by the *New York Daily News*, on December 5, 2019, and written by Graham Rayman, is entitled "Ex-Cop Details NYPD

'Collar Quotas'—Arrest Black and Hispanic Men, 'No Cuffs on Soft Targets' of Jews, Asians, Whites: Court Docs."

79.    *The New York Times*, on December 6, 2019, published an article by Joseph Goldstein and Ashley Southall, entitled "I Got Tired of Hunting Black and Hispanic People," which revealed a disturbing account from a different NYPD Police Officer, Anthony Diaz, describing a police force that measures the quality of police work by the quantity of minority arrests.

80.    On March 18, 2018, *The New York Times* published an explosive article, entitled "Promotions, Not Punishments for Officers Accused of Lying," written by Joseph Goldstein. Mr. Goldstein shines a light on the multitude of flaws within the CCRB and the NYPD, highlighting the fact that the substantiation of a claim against an officer will invariably rely on the presence of incontrovertible proof against the officer. Due to the rarity availability of this type of evidence, an alarmingly small percentage of officer misconduct claims are substantiated. The CCRB is further handicapped by a terribly designed system that requires evidence of a virtually indisputable nature to substantiate any claim against an officer. The article also details the NYPD's persistent reluctance to investigate or discipline officers who lie and even posits that this reluctance is a significant cause of the lying pandemic within the NYPD. The article references various officers and detectives who were the subject of credible accusations relating to the officers' intentionally false statements, with some allegations coming from federal and state judges.

81.    On September 12, 2019, *The New York Times* published another article by Joseph Goldstein, entitled "Officers Said They Smelled Pot. The Judge Called Them Liars." Unsurprisingly, this article dealt with the unusually high frequency of officers using the odor of marijuana to excuse a search that conspicuously does not result in the recovery of any marijuana. It should not require an article in *The New York Times* to call attention to such patently

disingenuous tactics, but has become necessary for a variety of reasons, including the NYPD's failure to correct such behavior, the willingness of prosecutors and judges to credit the lying officers and the increasing rate of occurrence.

82.    On April 24, 2019, *The New York Times* published an article, entitled "Detective's Lies Sent Three People to Prison, Prosecutors Charge," by Sean Piccolo, detailing the lies of NYPD Second Grade Detective Joseph Franco and how those lies resulted in the imprisonment of at least three innocent people. The article described how Det. Franco lied about observing drug transactions on at least three separate occasions, lies that were only uncovered through contradictory video evidence. Det. Franco's lies resulted in the innocent individuals each being sentenced to prison terms in excess of one-year.

83.    Other articles include: (i) "Testilying' by Police: A Stubborn Problem.," by Joseph Goldstein, *The New York Times*, March 18, 2018; (ii) "New York Detective Charged with Faking Lineup Results," by Joseph Goldstein, *The New York Times*, February 17, 2018; (iii) "He Excelled as a Detective, Until Prosecutors Stopped Believing Him," by Joseph Goldstein, *The New York Times*, October 17, 2017; (iv) "Review Board Notes Rise in New York Police Officers' False Statement," by J. David Goodman, *The New York Times*, May 14, 2015; (v) "In Brooklyn Gun Cases, Suspicion Turns to the Police," by Stephanie Clifford, *The New York Times*, December 11, 2014; (vi) "Detective is Found Guilty of Planting Drugs," by Tim Stelloh, *The New York Times*, November 1, 2011; and (vii) "The Drugs? They Came from the Police," by Jim Dwyer, *The New York Times*, October 13, 2011.

84.    The NYPD has a longstanding and ignominious record of failing to discipline its officers, or even entertaining allegations of wrongdoing against them. On June 26, 2019, *The New York Times* published an article, entitled "2,495 Reports of Police Bias. Not One Was Deemed Valid by

the N.Y.P.D." This article reported that within the last five (5) years, almost 2,500 separate individuals have filed formal complaints with the NYPD alleging that an officer acted with bias toward them, with not a single one being substantiated by the NYPD. Such a finding is plainly incredible and obviously the result of deliberately poor or nonexistent investigatory protocols. The report further impugned the NYPD's commitment to combat the prejudices and the biases exhibited by many of its officers.

85.    Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in Plaintiff's arrest without probable cause.

86.    Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

87.    Defendants' actions, pursuant to Plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

88.    Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective

policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the NYPD and City of New York.

89.    Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of Defendant City's knowledge that the individual officer Defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

90.    Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of Defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including the above-named defendants.

91.    Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct.

92.    The aforementioned acts of defendants, including CITY, FedEx, MAJOR, ALBAUM, SANTOS, REYES, VALERIO, DELOSSANTOS and JOHN or JANE DOE 1-15, directly or proximately resulted in the deprivation or violation of Plaintiff's civil rights, as guaranteed and

protected by the First, Fourth, Fifth, Sixth or Fourteenth Amendments to the United States Constitution, as well as the laws and constitution of the State of New York.

93.     As a direct or proximate result of said acts, Plaintiff was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience and anxiety.

**FIRST CAUSE OF ACTION**
Freedom of Speech Retaliation Claim Under
New York State Law

94.     The above paragraphs are hereby incorporated by reference as though fully set forth herein.

95.     Plaintiff engaged in speech and activities that were protected by section 8, of Article I to the constitution of the State of New York.

96.     Defendants committed impermissible or unlawful actions against Plaintiff that were motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

97.     Defendants' retaliatory actions against Plaintiff resulted in the deprivation of his liberty and the initiation of criminal charges against him.

98.     Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically or procedurally preventing him from further pursuing said protected speech or activities or by chilling his desire to further participate or engage in such protected speech or activities.

99.     Accordingly, Plaintiff's right to engage in protected speech and activities, guaranteed and protected by section 8, of Article I to the constitution of the State of New York, was violated by Defendants.

100.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoings, under the doctrine of *respondeat superior*.

101.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

<u>**SECOND CAUSE OF ACTION**</u>
First Amendment Retaliation Claim Under
42 U.S.C. § 1983 *Against* Individual NYPD Defendants

102.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

103.    Plaintiff engaged in speech and activities that were protected by the First Amendment to the United States Constitution.

104.    Defendants committed impermissible or unlawful actions against Plaintiff that were motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

105.    Defendants' retaliatory actions against Plaintiff resulted in the deprivation of his liberty and the initiation of criminal charges against him.

106.    Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically or procedurally preventing him from further pursuing said protected speech or activities, or by chilling his desire to further participate or engage in such protected speech or activities.

107.    Accordingly, Plaintiff's right to engage in protected speech and activities, as guaranteed and protected by the First Amendment to the United States Constitution, was violated by Defendants.

108.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

<u>**THIRD CAUSE OF ACTION**</u>
Unlawful Search & Seizure Under

New York State Law

109.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

110.    Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

111.    Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

112.    Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

113.    The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

114.    Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to section 12, of Article I to the constitution of the State of New York and section 8, Article II, of the New York Civil Rights Law.

115.    Defendants CITY and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

116.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Unlawful Search & Seizure Under
42 U.S.C. § 1983 *Against* Individual NYPD Defendants

117.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

118.    Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

119.    Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

120.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

121.     The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

122.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

123.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
False Arrest & False Imprisonment Under
New York State Law

124.     The above paragraphs are hereby incorporated by reference as though fully set forth herein.

125.     Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without a valid warrant or probable cause.

126.     Plaintiff was conscious of his confinement.

127.     Plaintiff did not consent to his confinement.

128.     Plaintiff's arrest and false imprisonment was not otherwise privileged.

129.     Defendants CITY and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

130.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
False Arrest & False Imprisonment Under
42 U.S.C. § 1983 *Against* Individual Defendants

131.     The above paragraphs are hereby incorporated by reference as though fully set forth herein.

132.     The Defendants violated the Fourth and Fourteenth Amendments to the Constitution of the United States by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

133.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

134.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

135.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Assault & Battery Under
New York State Law

136.     The above paragraphs are hereby incorporated by reference as though fully set forth herein.

137.     At all relevant times, Defendants caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

138.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent or justification.

139.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

140.     Defendants CITY and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

141.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 *Against* Individual NYPD Defendants

142.     The above paragraphs are hereby incorporated by reference as though fully set forth herein.

143.     The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

144.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

145.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

146.     The above paragraphs are hereby incorporated by reference as though fully set forth herein.

147.     Defendants initiated the prosecution against Plaintiff.

148.     Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution could succeed.

149.     Defendants acted with malice, which, in the absence of probable cause, may be inferred.

150.     The prosecution was terminated in favor of Plaintiff when all criminal charges were unconditionally dismissed and sealed on the merits, pursuant to sections 160.50 or 160.60 of the New York Criminal Procedure Law.

151.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered significant damages.

152.     Defendants City and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

153.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 *Against* Individual Defendants

154.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

155.    Defendants initiated the prosecution against Plaintiff.

156.    Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

157.    Defendants acted with malice, which, in the absence of probable cause, may be inferred.

158.    The prosecution was terminated in Plaintiff's favor when all criminal charges were unconditionally dismissed and sealed on the merits, pursuant to sections 160.50 or 160.60 of the New York Criminal Procedure Law.

159.    Accordingly, Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights.

160.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.


## ELEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

161.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

162.    Defendants arrested, detained and caused a criminal prosecution to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act.

163.    Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

164.    Defendants intended to inflict substantial harm upon Plaintiff.

165.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

166.    Defendants CITY and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

167.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

<u>**TWELFTH CAUSE OF ACTION**</u>
Malicious Abuse of Process Under
42 U.S.C. § 1983 *Against* Individual Defendants

168.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

169.    Defendants arrested, detained and caused a criminal prosecution to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act.

170.    Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

171.    Defendants intended to inflict substantial harm upon Plaintiff.

172.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

173.    Defendants' actions deprived Plaintiff of his constitutional rights to free from illegal searches and seizures and to not be deprived of his liberty without the due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

174.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

<u>**THIRTEENTH CAUSE OF ACTION**</u>
Denial of Right to Due Process Under
New York State Law

175.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

176.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

177.    Defendants forwarded said false information to prosecutors within the District Attorney's Office.

178.    Defendants' actions resulted in post-arraignment restrictions and deprivations upon Plaintiff's liberty and freedom of movement.

179.    Accordingly, Defendants deprived Plaintiff of his civil rights, pursuant to sections 1, 2, 6 and 9, of Article I to the constitution of the State of New York, as well sections 10 and 12, of Article II, of the New York Civil Rights Law.

180.    Defendants City and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

181.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Denial of Rights to Due Process & Fair Trial Under
42 U.S.C. § 1983 *Against* Individual Defendants

182.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

183.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

184.    Defendants forwarded said false information to prosecutors within the District Attorney's Office.

185.    Defendants' actions resulted in post-arraignment restrictions and deprivations upon Plaintiff's liberty and freedom of movement.

186.    Accordingly, Defendants violated Plaintiff's right to Fair Trial and Due Process of Law, pursuant to the Fifth, Sixth or Fourteenth Amendments to Constitution of the United States.

187.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTEENTH CAUSE OF ACTION
Biased Based Profiling Under
New York City Law

188.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

189.    Defendants impermissibly relied upon Plaintiff's actual or perceived race, color, national origin, ancestry, citizenship status, gender, religion, religious practice, age, disability or sexual orientation, as the determinative factor in initiating law enforcement action against Plaintiff, rather than Plaintiff's behavior or other information or circumstances that would link Plaintiff to suspected unlawful activity.

190.    Accordingly, defendants violated Plaintiff's rights, pursuant to section 14-151 of the Administrative Code of the City of New York.

191.    Defendants City and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

192.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTEENTH CAUSE OF ACTION
Deprivation of Rights & Denial of Equal Protection of the Laws Under
New York State Law

193.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

194.    Plaintiff, as a Black or African American male, is a member of a racial minority and protected class.

195.    Defendants discriminated against Plaintiff on the basis of his race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation.

196.    Defendants also engaged in the selective treatment of Plaintiff, in comparison to others similarly situated.

197.    Defendants' discriminatory treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

198.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

199.    Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

200.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

201.    Accordingly, Defendants violated Plaintiff's rights, pursuant to section 11, Article I, of the New York Constitution, section 79-N, Article VII, of the New York Civil Rights Law and paragraph 13, section 296, of the New York Executive Law.

202.    Defendants City and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

203.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTEENTH CAUSE OF ACTION
Deprivation of Rights & Denial of Equal Protection of the Laws Under
42 U.S.C. §§ 1981 & 1983 *Against* Individual Defendants

204.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

205.    Plaintiff, as a Black or African American male, is a member of a racial minority and protected class.

206.    Defendants discriminated against Plaintiff on the basis of race, color or ethnicity.

207.    Defendants engaged in the selective treatment of Plaintiff in comparison to others similarly situated.

208.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his Constitutional rights, or malicious or bad faith intent to injure Plaintiff.

209.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

210.    Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

211.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

212.    Defendants City and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

213.    Accordingly, Defendants violated Plaintiff's rights, under the Fourteenth Amendment.

214.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights & Failure to Prevent the Conspiracy Under
42 U.S.C. §§ 1983, 1985 & 1986 *Against* Individual Defendants

215.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

216.    Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his rights to engage in protected speech or activities, to be free from unreasonable searches and seizures, to be

afforded a fair trial, to not be deprived of his liberty or property without due process of law, or of the privileges and immunities under the laws and constitutions of the United States and of the State of New York.

217.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

218.    As a result, Plaintiff sustained injuries to his person, was deprived of his liberty or was deprived of rights or privileges of citizens of the United States.

219.    Defendants' conspiracy was motivated by a desire to deprive Plaintiff of his civil rights or because of some racial, otherwise class-based, invidious or discriminatory animus.

220.    The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or in process of being committed, possessed the power to prevent or aid in the prevention of the conspiratorial objective, and neglected to do so.

221.    Accordingly, Defendants violated Plaintiff's rights, pursuant to the First, Fourth, Fifth, Sixth or Fourteenth Amendments to the United States Constitution.

222.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINETEENTH CAUSE OF ACTION
### Failure to Intervene Under
### New York State Law

223.    The above paragraphs are here incorporated by reference as though fully set forth herein.

224.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

225.    Defendants City and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

226.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWENTIETH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 *Against* Individual Defendants

227.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

228.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

229.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth or Fourteenth Amendments.

230.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWENTY-FIRST CAUSE OF ACTION
Fabricated Evidence Claim Under
42 U.S.C. § 1983 *Against* Individual Defendants

231.    The above paragraphs are here incorporated by reference as though fully set forth herein.

232.    Defendants deliberately fabricated evidence against the Plaintiff and that as a result of this evidence being used against him, he was deprived of his rights to Due Process of Law or Fair Trial.

233.    As a result, Plaintiff sustained injuries to his person, was deprived of his liberty or was deprived of rights or privileges of citizens of the United States.

234.    Defendants fabricated evidence in order to support their false arrest, detention and prosecution of the Plaintiff.

235.    Defendants used this fabricated evidence and informed the prosecution that the fabricated evidence was true and accurate despite the fact that knew that the fabricated evidence was not true.

236.    As a result, the Plaintiff was deprived of his rights, pursuant to the Fifth, Sixth or Fourteenth Amendments to the Constitution of the United States.

237.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**TWENTY-SECOND CAUSE OF ACTION**
Negligent Hiring, Training, Retention or Supervision Under
New York State Law

238.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

239.    Defendants CITY and FedEx owed duties of care to Plaintiff to adequately hire, train, retain or supervise their employees, including the individually named defendants herein.

240.    Defendants CITY and FedEx breached those duties of care.

241.    Defendants CITY and FedEx placed the individually named defendants in positions where they could inflict foreseeable harm.

242.    Defendants CITY and FedEx knew or should have known of that their employees, including the individually named defendants herein, exhibited substantial propensities for committing civil rights violations against members of the public, such as Plaintiff.

243.    Defendants CITY and FedEx failed to take reasonable measures in hiring, training, retaining or supervising their employees, including the individually named defendants herein, that would have prevented the aforesaid injuries to Plaintiff.

244.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**TWENTY-THIRD CAUSE OF ACTION**
Violation of Victims of Violent Crime Protection Act Under

New York City Law

245.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

246.    Defendants' acts or series of acts constituted a misdemeanor or felony against Plaintiff, as defined in state or federal law which presented a serious risk of physical injury to Plaintiff, whether or not such acts have actually resulted in criminal charges, prosecution or conviction.

247.    Accordingly, Defendants committed a crime of violence against Plaintiff and violated Plaintiff's rights, pursuant to the section 10-403 of the Administrative Code of the City of New York.

248.    Defendants City and FedEx, as employers of the individual Defendants, are responsible for their wrongdoings under the doctrine of *respondeat superior*.

249.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.


**TWENTY-FOURTH CAUSE OF ACTION**
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 *Against* Defendant City

250.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

251.    Defendant City maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

252.    Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

253.    Defendant City, its policymakers and supervisors failed to provide adequate training or supervision to their subordinates, to such an extent that is tantamount to the City's deliberate

indifference toward the rights of those who may come into contact with Defendant City's employees.

254.    Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by Defendant City and its policymakers toward the rights of individuals, who may come into contact with Defendant City's employees.

255.    Defendant City's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

256.    Defendant City's conduct caused Plaintiff to be deprived of his civil rights, as guaranteed by the Constitution of the United States *vis-à-vis* the First, Fourth, Fifth, Sixth or Fourteenth Amendments thereto.

257.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)  In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)  Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)  Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, the New York City Administrative Code and the New York Civil and Human Rights Laws; and

e)  Granting such other relief, as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: Bayside, New York
June 22, 2023

# SIM & DePAOLA, LLP

*Attorneys-at-Law*
42-40 Bell Boulevard – Suite 405
Bayside, New York 11361
(718) 281-0400

By:     /s/ *Ataur Raquib*
Ataur Raquib, Esq.
*Attorney for Plaintiff*